UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KOSAL KIM KHEK,

        Petitioner,

    v.

FRED FOULK, Warden,

        Respondent.

No. C-14-2936 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.    INTRODUCTION

Petitioner, an inmate at the High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition and attachments provide the following information: Following a jury trial, Petitioner was convicted in Santa Clara County Superior Court of first degree murder and found to have personally used a deadly and dangerous weapon (viz., a knife) and participated in a criminal street gang. On July 30, 2010, Petitioner was sentenced to 26 years to life in prison. He unsuccessfully appealed his conviction. Petitioner then filed this action.

## III.    DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges several claims: (1) the trial court violated Petitioner's right to due process by "excluding exculpatory evidence that Robert DeJong had told the police that the plan was to hurt Nguyen, but not to kill him," Docket # 1 at 9; (2) the admission of evidence of a co-defendant's hearsay statements to the police violated Petitioner's Sixth Amendment right to confront witnesses under *Crawford v. Washington*, 541 U.S. 36 (2004); (3) Petitioner received ineffective assistance of trial counsel with regard to the *Crawford* issue if counsel's objection was insufficient to preserve the issue; (4) there was juror misconduct that caused Petitioner to be denied his rights to due process and trial by an impartial jury; and (5) the admission of "a gruesome post-mortem photograph" was error and deprived Petitioner of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial, Docket # 1 at 19, 22. Liberally construed, the claims are cognizable in a federal habeas action.

## IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **November 7, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **December 5, 2014**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

7. Petitioner did not pay the filing fee and did not file an *in forma pauperis* application. Petitioner must pay the $5.00 filing fee no later than **September 30, 2014**, or the action may be dismissed.

IT IS SO ORDERED.

Dated: August 28, 2014

_____
EDWARD M. CHEN
United States District Judge

3